AUGUST F. LUTHER, Appellant, *v.* O. P. SAYLOR, ASSIGNEE, Respondent.

March 2, 1880.

1. The statute giving a preference to the wages of labor over other claims not covered by a specific lien is not unconstitutional.

2. The act applies to all business corporations, and is not special legislation within the meaning of the Constitution.

3. The act does not impair the obligation of contracts because it incidentally lessens the fund for the payment of general creditors.

4. That the rate of interest is fixed from a stated period, without demand, is not an objection.

5. A title not adapted to deceive, and which fairly expresses the subject of the act, is sufficient.

APPEAL from the St. Louis Circuit Court.

*Reversed and remanded.*

NOBLE & ORRICK, for the appellant: Laws are presumed to be constitutional unless they manifestly infringe some

provision of the Constitution. — *The State* v. *Railroad Co.*, 48 Mo. 468. A law may be said to be *general* when it operates uniformly upon all persons who are brought within the relations and circumstances provided for by it. — 20 Iowa, 338. Courts will give effect, if possible, to every clause of the statute — all the parts to harmonize with each other. — *Brooks* v. *School*, 31 Ala. 277 ; *San Francisco* v. *Hazler*, 5 Cal. 169 ; *Cochran* v. *Taylor*, 13 Ohio St. 382. Acts which afford more ample and surer remedies to laborers for securing the fruits of their labor are remedial, and should be liberally sustained. — *Peters* v. *Railroad Co.*, 23 Mo. 110 ; *The State* v. *Shaffer*, 38 Iowa, 324 ; *Raeder* v. *Bensberg*, 6 Mo. App. 445. The act under consideration affects all business corporations. — *Gould* v. *Sub-district*, 7 Minn. 203 ; *Queen* v. *Edmonson*, 2 El. & El. 75 ; *The State* v. *Bentley*, 60 Mo. 222 ; *Smith* v. *Railroad Co.*, 61 Mo. 17 ; *City* v. *Laughlin*, 49 Mo. 564.

JACOB KLEIN, for the respondent : The legislative act under consideration is unconstitutional, because unequal in its provisions. — *Calder* v. *Bull*, 3 Dall. 386 ; Cooley's Const. Lim. 393 ; *Wally* v. *Kennedy*, 2 Yerg. 554 ; *Officer* v. *Young*, 5 Yerg. 320. It is a special act within the meaning of the Constitution. — Smith on Stat. & Const. Law, sects. 795, 802 ; 1 Bla. Comm. 86 ; Sedgw. on Stat. & Const. Law, 24 ; Potter's Dwar. on Stats. 52 ; *In re Railroad Co.*, 3 Abb. N. C. 422 ; *Bourland* v. *Hildreth*, 26 Cal. 162 ; *Brooks* v. *Hyde*, 37 Cal. 366 ; *Wheeling* v. *Philadelphia*, 77 Pa. St. 348 ; *The State* v. *Walbridge*, 3 Mo. App. 561. The title of the act is deceptive, and does not clearly express the subject of the act. — *Walker* v. *Coldwell*, 4 La. An. 297 ; *Robinson* v. *Skipworth*, 23 Ind. 311, 317 ; *The People* v. *Commissioners of Highways*, 53 Barb. 70 ; *The People* v. *Common Council*, 13 Abb. Pr. (N. S.) 121 ; *The State* v. *Kinsella*, 14 Minn. 524, 525 ; *Dorsey's Appeal*, 72 Pa. St. 193, 195 ; *Alleghany County Home's Appeal*, 77 Pa. St. 80 ; *State Line, etc., R. Co.'s Appeal*, 77 Pa. St. 429–431 ; *Indiana*

*Central R. Co.* v. *Potts*, 7 Ind. 681 ; *The State* v. *Harrison*, 11 La. An. 725 ; *Fishkill* v. *Plank-road Co.*, 22 Barb. 634 ; *Rader* v. *Union Township*, 39 N. J. L. 509 ; *Durkee* v. *City of Janesville*, 26 Wis. 697. The act impairs the obligation of contracts. — *Gunn* v. *Barrow*, 15 Wall. 610 ; *Edwards* v. *Kearzy*, 6 Otto, 595. The act applies only to railroad companies, and the words " other corporations " cannot enlarge the scope of the specific prior designation. — *Sandiman* v. *Breach*, 7 Barn. & Cress. 96 ; *Barnwell* v. *Pennock*, 7 Barn. & Cress. 536 ; *Kitchen* v. *Shaw*, 1 Nev. & P. 794, 795 ; *Williams* v. *Golding*, L. R. 1 C. P. 69 ; *The State* v. *Pemberton*, 30 Mo. 376 ; *Laughlin* v. *City of St. Louis*, 49 Mo. 559 ; *Butler's Appeal*, 78 Pa. St. 448 ; *The State* v. *Stoller*, 38 Iowa, 321 ; *White* v. *Ivy*, 34 Ga. 186 ; *Torrence* v. *McDougald*, 12 Ga. 526, 530 ; *The State* v. *McGarry*, 21 Wis. 496 ; *Lucas* v. *Payne*, 7 Cal. 96 ; *Livermore* v. *Freeholders*, 5 Dutch. 247 ; *Livermore* v. *Freeholders*, 31 N. J. L. 508 ; *Craft* v. *Smith*, 35 N. J. L. 306.

HAYDEN, J., delivered the opinion of the court.

This case comes up on an agreed statement of facts, the substance of which is as follows : A. K. Halteman & Co., a corporation, had made an assignment, under the statute, to the respondent, before whom, as assignee, the appellant, a machinist, presented a claim for wages earned from February 1, 1878, to April 1, 1878, with interest. The corporation, which was organized under the act as to manufacturing and business companies, was in August, 1877, indebted to the amount of $10,000, on notes, etc., which amount was due at the time of the assignment, and for which demands were allowed. The plaintiff claimed priority under the statute discussed below, but the assignee allowed the demand here in question without priority, and the trial court sustained his decision. The plaintiff appealed.

The act of April 23, 1877 (Sess. Acts 1877, p. 348) is as follows : —

"An act to better secure the wages of laborers and operatives.

"*Be it enacted by the General Assembly of the State of Missouri, as follows:* —

"Section 1. All railroad companies and other corporations shall make payment to their employees and other operatives, of the wages due for all labor and services performed by them within three months next preceding a demand made therefor, not exceeding sixty dollars, in preference to any other claim, debts, or demands whatsoever, not secured by specific liens on property, and such priority of payment to be enforced by civil action ; payments of wages shall be made on or before the fifteenth day of each month, for the full amount of all wages earned previous to the first day of that month, with interest at six per cent, if not paid, to be added to the amount of said wages when paid or recovered by suit. All debts due employees or operatives for wages of their labor shall have priority of payment from the money and assets of the corporations in the hands of officers or agents, or of any receiver or assignee, over every other claim not specifically secured. Every corporation, officer, agent, receiver, assignee, or person holding money or assets, refusing to recognize the priority of employees' claims shall be liable to such employees for the amount of all loss and damages occasioned by his unlawfully withholding the money.

"Sect. 2. All acts and parts of acts inconsistent with this act are hereby repealed."

It is first objected that this law is unconstitutional because it is unequal and discriminates in favor of and against particular persons or bodies, giving advantages to a class which are denied to others. But the act clearly applies in the first place to all business corporations, and railroad com panies are merely put in as an example, but not as necessarily limiting the signification. The question is of the reason of

the law, not of its wording merely, and the reason applies to all business companies as well as to railroad corporations. To apply the rule *ejusdem generis* there must be a *genus* specially indicated by the leading word, and here is none save commercial corporations generally. This construction is confirmed by the recent revision, which, to avoid any doubt as to the intent, has the words, expressing the same meaning still more plainly, "all corporations shall make payment," etc. Rev. Stats. 1879, sect. 761.

Thus, the section refers to all business or commercial corporations; and so, on the other hand, it refers to employees or operatives to whom are due wages for their labor within the provisions of the statute. It is undeniable that two classes are here referred to; but a great part of legislation proceeds upon the basis of peculiarities existing in classes. Corporations have peculiarities upon which legislation may well be based. Under the Constitution of this State, dues from private corporations "shall be secured by such means as may be prescribed by law; but in no case shall any stockholder be individually liable in any amount over or above the amount of stock owned by him or her." Const. 1875, Art. XII., sect. 9. In the case of a hiring by a person or partnership, the operative has an individual or individuals to whom he may look, and the security thus arising. In the case of a corporation there is practically no such liability. The corporation is or may be the centre of a great power, and the form under which the business is done often puts impediments in the way of the collection of debts, especially of small debts, such as those due to operatives. The present law, so far from being unequal, is an attempt to remedy the inequality arising out of peculiarities in corporations, and in the demands for small sums for wages, upon which the working classes depend for their living. An essential distinction exists between such demands and those of the general creditor, which distinction may well be the basis of legislation in reference to business that is carried on under the

corporate form. This was recognized by the Supreme Court of this State in construing the twelfth section of the railroad law of 1853 (Sess. Acts, p. 128), in *Peters* v. *Railroad Company*, 23 Mo. 111, where it is said : "Undoubtedly our Constitution, in common with all other American constitutions, secures private property against legislative confiscation ; but there is nothing of this character in this law. It is substantially the provision of the St. Louis mechanics'-lien law, and other similar laws common everywhere, except that the security provided by those laws is a lien upon the *specific property;* here it is a lien upon the *party* benefited by them, in the shape of a personal obligation to pay what in the other cases is secured only by the charge laid upon the property." In the twelfth section, the constitutionality of which is thus sustained, there exists the element of preference in favor of laborers over other creditors, though the preference is not carried to the extent that it is in the act now under consideration. But the essential point that the law may give a preference to the wages of labor, even apart from any specific lien upon the property which has been produced or improved by the laborer, seems there to be decided. It is true that in the present Constitution there are other provisions than those which could have been considered when that case was decided, but none are pointed out which the present law violates. It is not local or special in the sense of the Constitution, nor does it infringe the prohibition upon the General Assembly to pass any local or special law authorizing the creation, extension, or impairing of liens. Art. IV., sect. 53.

The act applies equally to all operatives, not to any portion or class of them, but the reason of its being is the necessity which exists in case this class deals with corporations as their employers. It does not apply to the class in their dealings with private persons, simply because the reason for the peculiar protection does not then exist. To argue that is special legislation, as not applying to operatives under all

circumstances, is to contend that the Legislature has no power to adapt the remedy to the exigencies that demand it.

It is complained that the rate of interest is fixed from a stated period without demand, and that the attempt is made to regulate labor and trade by prescribing the time and manner of payment; but features essentially the same as these are contained in the twelfth section of the act of 1853, above referred to, and that section was held to be constitutional. As for the matter of interest, if the period of payment may be fixed, interest may·follow as on an overdue debt.

This act does not violate the twenty-eighth section of the fourth article of the Constitution, which provides that "no bill shall contain more than one subject, which shall be clearly expressed in its title." Here are no incongruous and unconnected matters joined. The title fairly expresses the subject of the act; though it is too broad, the title is not adapted to deceive. An act cannot be declared void merely because qualifying phrases might have been used in the title which would more exactly have shown the limitations of the act. The title must still be a title, which implies generality. Here the general subject is clearly expressed in the title, and what might properly have been added would have been only a limitation upon the scope of the act. In *Rader* v. *Township of Union*, 39 N. J. L. 515, relied on by the respondent, the title gave no indication of the general purpose of the act. As has been said, the title need not be an index to the contents of the law. It is sufficient if it fairly gives notice of the subject, so as reasonably to lead to inquiry into the body of the bill. *Allegheny County Home's Appeal*, 77 Pa. St. 80.

There is no foundation for the objection that the obligation of contracts between the creditors generally and the corporation is impaired by this law, nor is the obligation of such contracts in any way impaired. If the incidental effect

of the above act is that the fund from which creditors are paid is lessened by the provisions of the act, — which is all that can be said, — the obligation of the contract remains the same, and neither right nor remedy of the creditor is directly affected. Some of the claims of the general creditors accrued prior to the passage of the act, but their rights were subject to that remote and incidental modification which necessarily occurs as the result of the exercise of the legislative power upon persons or bodies corporate with whom such creditors might have dealt. The same observations apply to the section of our Constitution in reference to laws impairing the obligation of contracts, or retrospective in their operation.

The court below found that the plaintiff was not entitled to have his claim allowed as a preferred claim, and judgment was rendered accordingly. This judgment is reversed, and a judgment should be entered in the court below allowing the claim as a preferred claim. Judge BAKEWELL concurs; Judge LEWIS is absent.